UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MORTENSON FAMILY DENTAL CENTER, INC., et al.                PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:11CV-331-S

HEARTLAND DENTAL CARE, INC.                                   DEFENDANT

**MEMORANDUM OPINION**

  This matter is before the court for consideration of two related motions. The defendant, Heartland Dental Care, Inc., has moved to dismiss or, in the alternative, to stay proceedings in this action on the ground that this court should abstain from deciding this declaratory judgment action in deference to a pending Illinois state court action purportedly subsuming the issue raised here. Plaintiff Morheart Dental Management Services, LLC, on the other hand, has moved to remand the action to the Jefferson County, Kentucky, Circuit Court on the ground that complete diversity is lacking and therefore the matter was improperly removed.

  For the reasons set forth herein, the court concludes that removal was proper and that this court must abstain from deciding the claim for declaratory relief. The action will therefore be dismissed by separate order.

  On August 22, 2011, United States District Judge Michael J. Reagan entered a Memorandum and Order remanding the case of *Heartland Dental Care, Inc. v. Mortenson Family Dental Center, Inc.*, No. 11-CV-0552-MJR-DGW to the Circuit Court of Effingham County, Illinois, in which Judge Reagan concisely set out the essential facts underlying these actions. We will draw upon that well-reasoned opinion and the record in this case to briefly restate those facts here.

The lawsuit arises from a soured relationship between Mortenson Family Dental Center, Inc. ("Mortenson"), a dental practice holding company involved in over forty dental practices in Kentucky and Indiana, and Heartland Dental Care, Inc.("Heartland"), a dental practice management company that owns and manages dental offices throughout the United States.

In June 2003, Mortenson formed Morheart Dental Management Services, LLC ("Morheart"), a Kentucky Limited Liability Company ("LLC").  Mortenson held all 1,000 units, or 100% interest, in Morheart.

In July 2007, Heartland purchased 25% of the membership interest in Morheart.  On February 28, 2008, Heartland purchased another 15% of the membership interest in Morheart, executing a Purchase and Sale Agreement ("2008 PSA").[1]  The 2008 PSA delineated certain rights of Heartland and Mortenson in the Morheart joint venture, and included a provision restricting jurisdiction and venue over disputes arising under the 2008 PSA to the Circuit Court of Effingham County, Illinois.  Heartland is a Delaware Corporation with its principal place of business in Effingham, Illinois.

Also on February 28, 2008, a Second Amended and Restated Operating Agreement of Morheart Dental Management Services, LLC ("2008 Operating Agreement") was entered into between Morheart and Mortenson, governing the management relationships, flow of funds from Mortenson to Morheart, and the services to be provided by Mortenson.  The 2008 Operating Agreement provided that Kentucky law governed the agreement, but did not contain a jurisdiction or venue provision.

---

[1] The parties executed a number of documents in 2007 in connection with the initial 25% purchase by Heartland.  Those documents need not be referenced herein as they were superseded by 2008 documents which are pertinent here.

An Amended and Restated Management Services Agreement ("2008 ARMSA") between Morheart and Mortenson was also executed on February 28, 2008. The 2008 ARMSA provided that all disputes arising out of or related to it would be subject to the exclusive jurisdiction and venue of Kentucky state and federal courts located in Louisville.[2]

In 2009, O.Wayne Mortenson, CEO of Mortenson, Stephen C. James, CFO of Morheart, and John M. Stack, EVP[3] of Heartland, as a member of Morheart, executed a First Amendment to the 2008 ARMSA reaffirming virtually all of its terms.

On May 9, 2011, Mortenson and Morheart filed this declaratory judgment action ("Mortenson suit") in the Jefferson County, Kentucky, Circuit Court seeking a declaration as to the rights of the parties under the 2009 version of the Operating Agreement[4] (Mort. Compl., ¶ 1). More particularly, the plaintiffs sought a declaration that Heartland's ownership interest in Morheart was "diluted" in 2010, and demanded a declaration of the respective ownership interests of Heartland and Mortenson currently in Morheart. (Mort. Compl., ¶ 26).

On May 26, 2011, Heartland filed suit against Mortenson in Effingham County, Illinois ("Heartland suit"). The Complaint alleged breach by Mortenson of various contractual, legal, and equitable obligations under the 2008 PSA and 2008 Operating Agreement. (Heart. Compl. ¶¶ 1-5). It further alleged that Mortenson "oppressed" Heartland as a minority member of the LLC. Heartland demanded damages and a declaration as to the relative ownership interests of Heartland and Mortenson in Morheart (Heart. Compl., ¶¶ 81-82).

---

[2] Neither of the two pending suit asserts a claim under the 2008 ARMSA.

[3] "EVP" is not defined, but the court presumes it stands for Executive Vice President.

[4] As with the ARMSA, in 2009 a First Amendment to the 2008 Operating Agreement was executed which reaffirmed virtually all of the 2008 terms, adding a few provisions which are not pertinent to this opinion.

On May 31, 2011, the Mortenson suit was removed to this court. Heartland asserted in the removal notice that Morheart was a nominal party whose Kentucky citizenship should be disregarded in assessing whether this court has diversity jurisdiction over the suit. Heartland contended that Morheart has no real interest in the outcome of the case, *citing Maiden v. N.Am. Stainless, L.P.*, 125 Fed.Appx. 1 (6th Cir. 2004) and *Harris v. Jackson*, 192 S.W.3d 297 (Ky. 2006). We agree. Nothing in Morheart's motion to remand (DN 17) disabuses the court of that notion.

The Mortenson suit seeks to declare the respective ownership interests of Mortenson and Heartland in Morheart. The Complaint alleges that the Operating Agreement contains a formula for dilution of a member's interest, referred to as "units," in the event such member fails to make a capital contribution in response to a "capital call." Mortenson Compl., pp. 4-5. Heartland allegedly did not make such a capital contribution. *Id*.

As stated in *Harris,* 192 S.W.3d at 303, "The real party in interest is one who is entitled to the benefits of the action upon the successful termination thereof...A real party in interest then, is a person, or entity, which wins, or loses, dependent upon the resolution of the questions." Morheart has no substantive rights to be adjudicated in the Mortenson suit. It will be unaffected by the outcome of the litigation, as it has merely to distribute assets in accordance with the ownership interests of its members. For purposes of determining diversity jurisdiction, we find that Morheart is a nominal party to this suit. Removal to this court was therefore proper and remand is inappropriate.

On June 23, 2011, Mortenson removed the Heartland suit to the United States District Court for the Southern District of Illinois. After reviewing the filings, Judge Reagan requested that the

parties brief the issue of the effect of the forum selection clause in the 2008 PSA which restricted jurisdiction and venue to the Circuit Court of Effingham County, Illinois.

Mortenson then moved to transfer the Heartland suit to this court pursuant to 28 U.S.C. § 1404(a). Mortenson urged, as it continues to do in the present motions, that Morheart is a necessary party to both suits, and that the Mortenson suit is the only action to involve all three entities. It contends that the three agreements are intertwined, as each one incorporates the others by reference, and that the forum selection clause in the 2008 ARMSA seating jurisdiction and venue in Kentucky should control. As found by Judge Reagan, however, Heartland did not assert claims under the 2008 ARMSA, nor is Heartland a party to that agreement. Judge Reagan found that "Heartland's 'EVP' (presumably, Executive Vice President), John Slack, signed *as a member of Morheart*, but Mortenson has not demonstrated that Slack's signature on behalf of Morheart rendered Heartland (a separate business entity) a *party* to the ARMSA, which was a contract between Morheart and Mortenson." Mem. and Ord., p. 6. We agree and hold that, as Heartland was not a party to the 2008 ARMSA, it is not bound by the forum selection clause therein.

Heartland then moved to remand the Heartland suit to the Effingham County court, in accordance with the 2008 PSA's forum selection clause. The motion was granted. In its response to the motion to remand the Mortenson suit, Heartland states that Mortenson is pursuing ten counterclaims in the Heartland suit in the Illinois state court, including claims that subsume the sole issue sought to be declared in the Mortenson suit, that being the parties' respective ownership interests in Morheart. Response (DN 20), p. 3. Morheart does not dispute this statement in its reply brief.

This court must determine, in its discretion, whether to entertain this suit for declaratory judgment in light of the Heartland suit currently pending in the Illinois state court. As noted in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *(quoting Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). We conclude that a declaration of the respective ownership interests of Heartland and Mortenson in Morheart is squarely before the state court in the Heartland suit and should be determined in the context of that litigation. Therefore, this court will abstain and decline to hear this declaratory judgment suit. The Complaint will be dismissed without prejudice by separate order.

**IT IS SO ORDERED.**